Sarah D'ANGELO; Rodney E. Gibson; Bryce Floch, Plaintiffs–Appellants,

v.

Richard A. CROFTS; E. Edwin Eck; Philip T. Bain; Bonnie Ashley; Charles A. Nelson; Marlene Bumbeck, Defendants–Appellees.

No. 05–35022.

D.C. No. CV–02–00016–RFC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Decided Jan. 10, 2006.

Geoffrey C. Angel, Angel Law Firm, Bozeman, MT, Craig Miles, Fort Collins, CO, Alan F. Blakley, Grand Rapids, MI, for Plaintiffs–Appellants.

Leroy H. Schramm, Helena, MT, for Defendants–Appellees.

Before GOULD and BERZON, Circuit Judges, and SCHWARZER,* District Judge.

MEMORANDUM**

The student plaintiffs appeal the grant of summary judgment granted to Defendants.[1] The district court held that the statute of limitations barred all claims by Bryce Floch and Rodney Gibson and that the Eleventh Amendment barred any remaining claims brought by Sarah D'Angelo. We affirm in part and reverse in part.

We conclude that Plaintiffs' claims are not barred by the Eleventh Amendment to the extent that they are bringing claims against state officials in their individual capacity. The Eleventh Amendment prevents recovery against the State or against state officials in their official capacity for retroactive monetary damages. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). However, state officials may be liable in their individual capacity for individual actions that cause constitutional violations. *See id.* at 107–09, 104 S.Ct. 900; *Jagnandan v. Giles,* 538 F.2d 1166, 1173 (5th Cir.1976).

■ For the reasons stated in our disposition in *Young v. Crofts,* —— Fed.Appx. ——, No. 04–36120, 2006 WL 44452 (9th Cir. Jan. 10, 2006), we affirm the district court's decision that the claims of Bryce Floch and most of the claims asserted by Rodney Gibson are barred by the statute of limitations. However, we reverse the dismissal of the claim by Rodney Gibson against Defendant Richard Crofts. Although Gibson's application for in-state residency status was first denied by Defendant Bonnie Ashley in a letter dated December 14, 1998, which is outside of the statutory limitations period of three years, the appeal of Gibson's application was denied by Defendant Crofts within the limitations period. Gibson's claim against Crofts for denial of the residency application is "separately actionable" against Crofts in his individual capacity. *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1061 (9th Cir.2002). Because the Eleventh Amendment bars all claims brought against school officials in their official capacity, Gibson may proceed against Crofts for actions where Crofts is personally liable.

■ The remaining claims of D'Angelo and Gibson may proceed against certain Defendants in their individual capacity if Plaintiffs can show that these Defendants personally played a role, directly or indirectly, in their alleged constitutional violations and otherwise prevail on the merits of their claim. Because the district court did not rule on whether any Defendants played such a role with respect to the constitutional violations alleged by D'Angelo and Gibson, we conclude that they are entitled to proceed on their claims in the district court to resolve these issues.

Based on the foregoing, we reverse the grant of summary judgment as it pertains to the claims of D'Angelo and the claim of Gibson against Crofts and affirm the summary judgment granted against the other claims. The claims of D'Angelo and Gibson are remanded for further proceedings consistent with this disposition. Plaintiffs D'Angelo and Gibson are awarded costs on their appeal against Defendants. Defen-

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the facts are familiar to the parties, we do not recite them here except as necessary to understand our decision.

dants are awarded costs on their defense of the appeal of Plaintiff Floch.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED**