Reinhardt, Circuit Judge, filed a dissenting opinion.

Sarah D'ANGELO; Rodney E. Gibson; Bryce Floch, individually and on behalf of all others similarly situated, Plaintiffs—Appellants,

v.

Richard A. CROFTS; E. Edwin Eck; Philip T. Bain; Bonnie Ashley; Charles A. Nelson; Marlene Bumbeck, Defendants—Appellees.

No. 06–35987.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2008.

Filed Sept. 19, 2008.

Geoffrey C. Angel, Angel Law Firm, Bozeman, MT, Alan F. Blakley, Houston, TX, Craig Miles, Miles Law Firm, Fort Collins, CO, for Plaintiffs–Appellants.

Leroy H. Schramm, Montana University System, Helena, MT, for Defendants–Appellees.

Before: REINHARDT, McKEOWN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Sarah D'Angelo and Rodney E. Gibson ("Appellants") appeal the district court's grant of summary judgment to defendants,

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

officials of the Montana University System ("MUS"). Appellants charged that MUS denied them the tuition benefits of in-state residency based on an unconstitutional irrebuttable presumption that students who begin their post-secondary education as non-residents of Montana remain non-residents so long as they are enrolled and taking more than half of a full credit courseload. We have previously affirmed the dismissal of all of Bryce Floch's claims and most of Gibson's claims based on the statute of limitations. *See D'Angelo v. Crofts,* 162 Fed.Appx. 728 (9th Cir.2006).

MUS's formally stated policy establishes that a student initially classified as a non-resident must wait twelve months after moving to Montana before that student is eligible for re-classification as a resident. Classification as a resident entitles the student to a significant savings in tuition. Montana's classification policy attempts to limit re-classification to students who intend to make Montana their permanent home and to deny resident tuition to students who have chosen to move to Montana primarily for educational purposes. To that end, MUS presumes that a student enrolled for more than half of a full credit load is in the state predominantly for educational purposes ("the credit-hour presumption"). Appellants claim that MUS applies that presumption irrebuttably, preventing them from achieving residency classification even though other factors indicate an intention to make Montana their home.

In *Vlandis v. Kline,* 412 U.S. 441, 452, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973), the Supreme Court held that a state university's "permanent and irrebuttable presumption of nonresidence" violated the Due Process Clause. We have since held that "a state violates due process where it creates a university tuition rate scheme that purports to be concerned with residency, but then applies an irrebuttable presumption precluding those 'seeking to meet its test of residency the opportunity to show factors clearly bearing on the issue.' " *Carlson v. Reed,* 249 F.3d 876, 881 (9th Cir.2001) (quoting *Weinberger v. Salfi,* 422 U.S. 749, 771, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)).

We hold that Appellants failed to produce sufficient evidence that MUS applies the credit-hour presumption irrebuttably. We conclude that the letter from defendant Crofts to Gibson was nothing more than a poorly-worded summary of the policy. Crofts' letter told Gibson that he had not performed the objective acts necessary to overcome the presumption that he, as a full-time student, was in Montana solely for educational purposes. D'Angelo's reliance on the advice of non-defendants not to bother to take any actions indicative of an intent to establish residency because any reclassification petition would be futile does not establish unconstitutional actions by any defendant. The district court properly relied on evidence showing that MUS did not apply the presumption irrebuttably. For example, defendant Bain's affidavit states that some students who were initially classified as non-residents had their classifications changed to resident even though the students were enrolled and taking more than half a full credit load.

Because Appellants have not shown that the MUS has applied an irrebuttable presumption of non-residency, we do not reach the issue of qualified immunity.

**AFFIRMED.**

REINHARDT, Circuit Judge, dissenting:

Because there are genuine issues of material fact that must be resolved, I would reverse the district court's grant of summary judgment to defendants. Our task

on summary judgment is not to weigh the evidence, as I believe the majority has done. The question before us is not whether Appellants produced "*sufficient* evidence that MUS applied the credit-hour presumption irrebuttably." [Mem. Dispo. at 3, emphasis added] Nor must plaintiffs have "*shown* that the MUS has applied an irrebuttable presumption of non-residency." [Mem. Dispo. at 4, emphasis added].

Rather than resolving genuine issues of material fact, we must simply determine whether any such issues exist. Plaintiffs submitted evidence that defendants did apply an irrebuttable presumption of non-residency to full-time students—namely, the letter from Crofts to Gibson, which states: "The 12–month [waiting] period does not begin until acts indicative of an intent to establish residency are taken and **does not run for any period of time for which you are enrolled for 7 or more semester credits.**" [ER 5]. In my view, there is no question that the letter from Crofts to Gibson raises a genuine issue that should be resolved by a trier of fact. A trier of fact could decide, based on the letter, that defendants did apply an irrebuttable presumption of non-residency. Under the Supreme Court's holding in *Vlandis v. Kline,* 412 U.S. 441, 452, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973), such a presumption violates plaintiffs' constitutional rights. Because the right to be free from an irrebuttable presumption of non-residency has been clearly established law since *Vlandis* was decided over 30 years ago, defendants are not entitled to qualified immunity. For these reasons, when taking the facts in the light most favorable to plaintiffs, as we must on summary judgment, defendants are not entitled to qualified immunity. I therefore respectfully dissent.